## Pennsylvania Power & Light Company Case.

Argued May 21, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harold A. Butz,* with him *Butz, Steckel & Rupp,* for appellant.

*Ralph B. Umsted,* with him *N. L. Wymard,* Deputy Attorneys General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE JONES, June 29, 1945:

This appeal brings up for review an order entered by the learned court below directing the respondent company to pay into the State Treasury *without escheat* certain moneys or property standing to the credit of others on the books of the company or in its possession. The proceeding in which the order was entered was duly instituted by the Attorney General on behalf of the Commonwealth under the provisions of Section 9 of the Act of June 25, 1937, P. L. 2063, 27 P. S. §§ 434 et seq.[1]

---

[1] Section 9 of the Act of June 25, 1937, P. L. 2063, reads as follows:

"Alternative Procedure for Payment into State Treasury without Escheat.—Whenever any company shall hold or be possessed of any items of money or property required to be reported under the provisions of this act, the department may, after such items have been reported to or otherwise ascertained by it, and after notice and advertisement of such items shall have been given and made as required by this act, if the number and nature of the items so held or possessed are, in the opinion of the department, such as to make such action desirable, suggest to the Attorney General that, instead

The Commonwealth's petition set forth that the moneys involved were escheatable under the Act of 1937, cit. supra, in that they consisted of dividends or profits declared to stockholders or members, debts, interest, customers' advances, tolls and deposits held by the defendant under agreements with the depositors all of which had remained unpaid and unclaimed for six or more successive years. A list of the items and the names of the persons respectively entitled to claim them was attached to the petition as an exhibit. The petition further averred that the moneys or property and the names of the persons entitled thereto, as shown on the exhibit, had been reported annually by the respondent company to the Secretary of Revenue as required by Section 3 of the Act; that the Secretary of Revenue had given the prescribed notice to the owners or persons entitled to the funds and that a sufficient length of time had elapsed since the notice without claim thereto having been made; that the proceeding for the payment of the funds into the State Treasury without escheat was desirable in the opinion of the Secretary of Revenue upon whose suggestion the Attorney General instituted the proceeding; and that the principal office of the defendant company was located in Lehigh County (the venue of the proceeding).

The respondent's answer admitted the material averments of the petition but denied that they were sufficient,

of proceeding to secure a decree for the escheat of such items in the manner hereinabove prescribed, the Attorney General apply by petition to said court for an order upon said company holding or possessed of such items of money or property directing the payment of the same without escheat into the State Treasury, through the department, to the credit of the Commonwealth, together with interest thereon actually accrued, if any, to the date of the issue of said order, or if the property consists of shares of stock or other securities that the same be sold in such manner as the court shall direct and the proceeds thereof be similarly paid into the State Treasury, all amounts and proceeds so paid to be subject to being refunded by petition to the Board of Finance and Revenue as hereinafter provided."

within the intendment of the Act, to justify the respondent in paying the moneys into the State Treasury for the reason "that petitioner does not allege that the owners of [the] unclaimed dividends are unknown . . . [or] that the owners of customers' deposits have died intestate without heirs or any known kindred."

It is the contention of the appellant company that, in order to require the payment into the State Treasury of moneys or property without escheat under the Act of 1937, it is necessary not only for the petitioner to aver that the funds or property are escheatable under existing law but also facts which, if proven, would justify a decree of escheat. We do not think that the Act lays any such burden upon the Commonwealth in a proceeding for the payment of moneys or property into the State Treasury *without escheat*.

The Act of 1937, by its title as well as by its substantive provisions, was intended to make payable into the State Treasury without escheat funds "subject to escheat under existing law". The appellant in its brief concedes that "There can be no doubt of the fact that the moneys involved are subject to escheat." The status of the moneys or property as averred by the petitioner sufficiently complied with the requirement of the Act of 1937 so as to render them subject to the alternative procedure for their payment into the State Treasury without escheat. In such instance, the Commonwealth is not required to aver or prove facts which, of course, would be essential to the escheator's case if a decree of escheat were sought: see Act of May 2, 1889, P. L. 66, Secs. 1 and 5, 27 P. S. §§ 1, 41. All that the Commonwealth here seeks is to have the moneys or property paid into the State Treasury to its credit, there to be held for the benefit of the owners or claimants entitled thereto. The rights of the latter are in no wise affected adversely. In fact, they are improved by being made more enduring and secure with the Commonwealth as the substituted depository or custodian. That the procedure prescribed

by the Act of 1937 is within the legislature's competence to provide is passed upon and decided in the opinion filed this day in *Philadelphia Electric Company Case*, 352 Pa. 457, at page 463, supra, and need not be considered here where no question in such regard is raised.

The order of the court below is affirmed at the appellant's costs.